UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**DOUGLAS R. MILLER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

July 15, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: *Jonet M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
    Civil No. 24-2590-DRM

Dear Counsel:

On September 6, 2024, Plaintiff Jonet M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 10) and the parties' briefs (ECF Nos. 14, 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 9, 2020, alleging a disability onset of August 15, 2020. Tr. 227-28. Plaintiff's claims were denied initially and on reconsideration. Tr. 153-57, 162-67. On July 18, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41-75. Following the hearing, on October 24, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 16-34. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 6, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since August 15, 2020, the alleged onset date." Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "multiple sclerosis, bipolar disorder, depressive type, degenerative disc disease of the lumbar spine, obesity, and post-traumatic stress disorder." Tr. 21. The ALJ also determined that Plaintiff suffered from the non-severe impairments of iron deficiency anemia; possible hypercoagulable state; high blood pressure and hypercholesterolemia. Tr. 22. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ropes, ladders, and scaffolds. She must avoid concentrated exposure to extreme heat, vibration, and hazards, such as dangerous machinery and unprotected heights. She can perform simple, routine tasks, with occasional judgment or decision-making. She is not able to perform production rate for pace of work (e.g., assembly-line work). The claimant can tolerate occasional interaction with the general public, co-workers, and supervisors.

Tr. 24. The ALJ determined that Plaintiff was unable to perform past relevant work as an administrative clerk (DOT[3] #219.362-010), cashier (DOT #211.462-010), and gambling cashier (DOT #211.462-022) but could perform other jobs that existed in significant numbers in the national economy. Tr. 32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. <u>ANALYSIS</u>

Plaintiff raises one argument on appeal, specifically that the ALJ erred when assessing Plaintiff's RFC by improperly performing a symptom-based analysis, rather than a function-by-function assessment. ECF No. 14, at 7-18; ECF No. 16, at 1-6. Defendant counters that substantial evidence supports the ALJ's assessment of Plaintiff's light work RFC. ECF No. 15, at 4-14.

The Court finds that, although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, the ALJ's assessment does not warrant remand. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5.

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explained, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff argues that the ALJ erred by improperly "conducting a symptom-based analysis and not a function-by-function analysis" of Plaintiff's ability to perform light work. ECF No. 14,

at 14-18. The Court finds this argument unavailing. The RFC assessment finds support in the weight that the ALJ assigned to the opinions of the state agency medical consultants. *See* Tr. 31. The ALJ considered the opinions of the state agency medical consultants, who opined that Plaintiff is limited to light work, such that Plaintiff could occasionally lift and/or carry 20 pounds; could frequently lift and/or carry 10 pounds; could push/pull unlimited, other than the opined lift/carry limitations; and could sit, stand, and walk for about 6 hours in an 8 hour workday. Tr. 121, 139. The ALJ found these opinions "generally persuasive." Tr. 31. Specifically, the ALJ found the consultants' opinions that Plaintiff can perform light work as "generally consistent with the evidence of mildly abnormal physical examinations, including slightly antalgic gait, left paraspinal tenderness and right lumbar paraspinal tenderness, pain on extremes of motion, and positive facet loading test." Tr. 31. The ALJ noted that "[g]reater limitation is not warranted as [Plaintiff's] providers observed normal findings, including normal gait, 5/5 strength in the bilateral lower extremities, intact sensation, and negative straight leg raising, FABER, and Waddell's tests." Tr. 31. As such, the ALJ limited Plaintiff to light work. Tr. 24.

Elsewhere in the decision, the ALJ examined Plaintiff's physical limitations and determined that a "limitation to light work with no ladders, ropes, or scaffolds, and occasional postural activities is supported by the evidence . . . showing spinal imaging with mild disc bulge, no evidence of foraminal stenosis at any level, and well-maintained disc space heights." Tr. 30. The ALJ noted that the "record also shows mildly abnormal results on physical examinations, primarily including tenderness on palpation of the spine, paraspinals, mildly antalgic gait, pain on extremes of motion, and positive facet loading" and that Plaintiff's providers "observed 5/5 strength in the bilateral lower extremities, sensation intact to light touch, negative straight leg raising test, FABER test, and Waddell's test." Tr. 30. The ALJ concluded that the limitations "are supported by the longitudinal clinical evidence" and that Plaintiff's "allegations are not entirely consistent with the evidence of record." Tr. 30.

While the RFC contains no explicit reference to lifting or carrying, the ALJ made clear that the limitation to "light work" was "as defined in" 20 C.F.R. § 404.1567(b). Tr. 24. This statute defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Additionally, while the RFC does not expressly mention sitting, standing, or walking, a "limitation to light work implicitly includes a finding that the plaintiff [can] stand or walk off and on for a total of approximately six hours of an eight-hour workday[.]" *Robinson v. Astrue*, No. 2:10-185-DCN, 2011 WL 4368416, at *8 (D.S.C. Feb. 18, 2011) (collecting cases), *report and recommendation adopted*, No. 2:10-185-DCN, 2011 WL 4368396 (D.S.C. Sept. 19, 2011). "Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Accordingly, the Court determines that the ALJ adopted the exertional limitations opined by the state agency medical consultants in crafting the RFC.

The ALJ did not individually assess Plaintiff's exertional abilities to perform light work. But the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has instead explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions,

*Jonet M. v. Bisignano*
Civil No. 24-2590-DRM
July 15, 2025
Page 5

despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F. 3d 632, 636 (4th Cir. 2015). No such issue exists here. Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions. The ALJ permitted meaningful review by incorporating the RFC assessment of persuasive sources, including the opinions of the state agency medical consultants, into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations. Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC."); *Audlica D. v. Kijakazi*, No. BAH-22-1046, 2023 WL 1769665, at *5 (D. Md. Feb. 3, 2023) (finding harmless error where the claimant failed to show how the RFC may have changed if the ALJ performed a more in-depth function-by-function analysis). Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge